UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
THIRD DIVISION

UNITED STATES OF AMERICA,                                    Criminal No. 05-274 JMR/AJB

           Plaintiff,

v.                                    **REPORT AND RECOMMENDATION**

LAMONT VALENTINO KILGORE,

           Defendant.

      Lisa Kirkpatrick, Esq., and Joseph T. Dixon, III, Esq., Assistant United States Attorneys, for the plaintiff, United States of America;

      Virginia G. Villa, Esq., Assistant Federal Defender, for the defendant, Lamont Valentino Kilgore.

      This action came on for hearing before the Court, Magistrate Judge Arthur J. Boylan, on September 22, 2005, at the U.S. Courthouse, 316 No. Robert St., St. Paul, MN 55101.  The Court issued an Order on Motions dated September 26, 2005, reserving defendant's motion to suppress search and seizure evidence [Docket No. 21] for submission to the District Court on report and recommendation.

      Based upon the file and documents contained therein, along with witness testimony, exhibits, and memorandums of counsel, the Magistrate Judge makes the following:

**Findings**

      Defendant Lamont Kilgore has been indicted on one count of being a felon in possession of a firearm, specifically a .45 caliber Springfield Arms pistol recovered on July 30, 2005,

and one count of being a felon in possession of ammunition, specifically, .380 caliber rounds discovered on July 15, 2005.  Defendant is challenging evidence relating to only the ammunition charge in the present motion to suppress.

On July 15, 2005, Minneapolis Police Officer Grant Snyder received a call from off-duty Minneapolis Police Officer Sletta advising him of possible criminal activity occurring in the parking lot of Broadway Liquors at 2201 West Broadway.  Officer Sletta was working at the liquor store and had been notified by another liquor store employee that drugs being sold from a dark blue Suburban parked in the adjoining lot.  Officer Snyder arrived at the scene in a gray unmarked Winstar minivan at approximately 8:15 p.m.  He parked his vehicle in such a way that it was facing the opposite direction as the Suburban, with three empty parking spaces between the vehicles.  The Suburban and the Winstar were parked approximately 30 feet apart.  Officer Snyder moved into the back area of the minivan and began observing the Suburban and surrounding area with binoculars.  It was light outside during the surveillance, and the officer was watching through tinted windows.

Officer Snyder witnessed defendant Lamont Kilgore coming out of the liquor store and going to the passenger side of the Suburban.   At the vehicle the defendant was observed taking two or three liquor bottles from his pants pockets and placing the bottles in the vehicle.  Defendant was then seen taking three rocks which the officer identified as crack cocaine from a pocket and thereafter making an exchange of cocaine for cash with the person occupying the rear seat on the driver's side.  At that time Officer Snyder called for police assistance.  Before additional officers responded, the defendant went back into the liquor store.  Officer Green then arrived and arrested the occupants of the Suburban and found rocks of cocaine in the vehicle in plain view on the floor behind the driver's seat.

Meanwhile, defendant Kilgore saw the police officers as he was coming out of the liquor store, and he immediately stepped back into the store, placed bottles on top of boxes that were near the door, and came outside. Defendant was stopped and arrested by Officer Snyder, and a pat search was conducted by Officer Green for purposes of police safety and in connection with the arrest and anticipated transport. The search resulted in discovery of two live rounds of .038 caliber ammunition. Following the stop, off-duty officer Sletta identified the defendant by name and advised Officer Snyder that the suspect was a convicted felon. None of the liquor that had been in the defendant's possession was purchased, and surveillance film showed that bottles had been shoplifted.

Based upon the foregoing Findings, the Court makes the following:

**Conclusions of Law**

Suppression of evidence obtained as a result of a search and seizure is not required. Defendant Kilgore was lawfully arrested based upon probable cause that he had committed a drug offense and a search of his person was properly conducted incident to the arrest. Probable cause for a warrantless arrest exists when the facts and circumstances within the knowledge of the arresting officer is sufficient to justify a prudent person's belief that the suspect had committed or was committing an offense. United States v. Cabrera-Reynoso, 195 F.3d. 1029, 1031 (8th Cir. 1999)(citing Beck v. Ohio, 379 U.S. 89, 91, 85 S.Ct. 223 (1964)). Probable cause for the arrest in this instance existed under a totality of circumstances whereby the defendant's direct involvement in an apparent drug transaction was observed by an officer, and drugs were found in the vehicle occupied by persons with

whom the defendant had engaged in an apparent drug transaction.[1]  The defendant's position in this motion essentially rests upon a contention that Officer Snyder's testimony regarding his surveillance observations was not credible because he likely was not physically able to observe the drug transaction he claims to have seen.  The Court declines to make that determination and finds that the officer's testimony fully supports the finding of probable cause in this matter, particularly in light of the absence of any concrete evidence contrary to the officer's testimony.   The search of the defendant's person was lawful as an incident to valid arrest and suppression of evidence thereby seized is therefore not required.  United States v. Cabrera-Reynoso, 195 F.3d. 1029, 1032.

Based upon the foregoing Findings and Conclusions of Law, the Magistrate Judge makes the following:

### RECOMMENDATION

It is hereby **recommended** that defendant Lamont Valentino Kilgore's Motion to Suppress Evidence Obtained as a Result of Search and Seizure be **denied** [Docket No. 21].

Dated:    October 11, 2005

                                                 s/ Arthur J. Boylan
                                                Arthur J. Boylan
                                                United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and

---

[1] The record before the Court does not clearly establish whether drugs had actually been found in the car prior to defendant's arrest or shortly thereafter.  In the event that the drugs had not yet been seized, the evidence would have immediately and inevitably been discovered and provided additional evidence warranting defendant's likewise inevitable arrest.

Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.  This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.  Written objections must be filed with the Court before October 24, 2005.

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and file a complete transcript of the hearing within ten days of receipt of the Report.